UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNA E. CIENFUEGOS,<br><br>      Plaintiff,<br><br>           v.<br><br>OFFICE OF THE ARCHITECT OF THE CAPITOL,<br><br>      Defendant. | Civil Action No. 13-757 (JEB) |

**AMENDED MEMORANDUM OPINION AND ORDER**

Plaintiff Ana Cienfuegos was employed by Defendant, the Office of the Architect of the Capitol, until her termination in June 2012. She then brought this action, alleging that she was subjected to intimidation and reprisal for filing numerous complaints of discrimination throughout her employment, and that her termination was also the result of retaliation and discrimination in violation of her civil rights. While employed, Plaintiff followed the administrative remedial steps required by the Office of Compliance's (OOC) Procedural Rules for Congressional employees and participated in counseling and mediation for two separate complaints. She then requested formal hearings, which were held for each complaint.

In this action, Plaintiff's allegations relate to the events raised in the formal OOC hearings already completed. The parties are now engaged in discovery and dispute whether the Court can require disclosure of those hearing records. Cienfuegos believes that since the hearings were confidential, any records of them are not discoverable here. Defendant disagrees, arguing that release under the parties' protective order sufficiently safeguards these records.

1

Holding that the confidentiality of the proceedings does not give rise to an evidentiary privilege in this case, the Court will permit disclosure subject to a protective order.

**I.      Analysis**

In support of release, Defendant argues that the OOC Procedural Rules allow for disclosure of confidential records by court order, that an evidentiary privilege does not arise from confidentiality in this case, and that confidentiality concerns are mitigated by the circumstances of the hearings. See Def. Mem. at 4-7. Plaintiff rejoins that the Procedural Rules, in essence, do establish an evidentiary privilege. See Pl. Mem. at 4-5.

The Congressional Accountability Act of 1995 (CAA), 2 U.S.C. § 1301, *et seq.*, created the OOC to administer and enforce a dispute-resolution process for Congressional employees. The CAA outlined broad requirements but charged the OOC with establishing specific policies, resulting in a set of Procedural Rules subject to Congressional oversight. See 2 U.S.C. § 1383.

As part of the CAA, 2 U.S.C. § 1416(c) requires that proceedings, deliberations, and other records from dispute-resolution hearings remain "confidential." The subsequent sections permit disclosure of this confidential information "if required for the purpose of judicial review" by the United States Court of Appeals for the Federal Circuit, id., § 1416(d), or for "[a]ccess by committees of Congress," id., § 1416(e); they also mandate (and permit) disclosure of final decisions of hearings in certain circumstances. See id., § 1416(f). The OOC's Procedural Rules, in discussing this confidentiality provision, state that "[u]nless specifically authorized by the provisions of the CAA or by order of the Board [of Directors], the Hearing Officer or a court, or by the procedural rules of the Office, no participant . . . may disclose" information made

2

confidential as part of the dispute-resolution process. OOC Proc. Rules § 1.07(b) (emphasis added).

Plaintiff contends that the reference to court orders in the Procedural Rules applies only to the Court of Appeals for the Federal Circuit. See Pl. Mem. at 5. Defendant, however, responds that this section of the Procedural Rules supplements the CAA confidentiality provision and provides additional situations for disclosure. See Def. Mem. at 7. The Court need not resolve this question because, even if Plaintiff's narrow construction is correct, release here would occur subject to a protective order, thus preserving confidentiality.

Defendant next argues that while hearing records are confidential under the CAA, such confidentiality does not create an evidentiary privilege. See Def. Mem. at 4. Indeed, privileges are "not lightly created nor expansively construed, for they are in derogation of the search for truth." United States v. Nixon, 418 U.S. 683, 710 (1974). They may be created, however, "to protect weighty and legitimate competing interests." Id. at 709.

Another court in this District, when considering this very issue, found no evidentiary privilege existed in OOC records. In Blackmon-Malloy v. U.S. Capitol Police Board, 575 F.3d 699 (D.C. Cir. 2009), an employment-discrimination case brought by U.S. Capitol Police officers, the D.C. Circuit held that the CAA's counseling and mediation requirements were jurisdictional, but remanded for further inquiry into the timeliness of the officers' counseling requests. Upon remand, in a Minute Order requiring the disclosure of multiple police officers' confidential counseling records, the court considered and rejected the argument that an evidentiary privilege arose from the CAA's confidentiality provisions. See Blackmon-Malloy v. U.S. Capitol Police Board, No. 01-2221 (D.D.C.) (Minute Order, June 23, 2010). Citing Nixon,

3

the court noted the high standard for establishing a privilege, and it also adopted the logic of a Third Circuit case that declined to find an evidentiary privilege based on confidentiality provisions of a Pennsylvania statute, instead issuing a protective order that addressed confidentiality concerns. See id. (citing Pearson v. Miller, 211 F.3d 57, 69 (3d Cir. 2000)).

Blackmon-Malloy, moreover, involved more sensitive materials than those here. There, the information sought involved records of counseling, the first step in the dispute-resolution process. See Blackmon-Malloy, 575 F.3d at 714. The CAA's confidentiality provision states that such counseling and mediation records "shall be strictly confidential," while hearing records "shall be confidential." 2 U.S.C. § 1416(a)-(c) (emphasis added). The distinction likely reflects the increased privacy expectation an employee has when engaged in one-on-one personal counseling or in mediation with another party, as opposed to the inherently less private proceeding of a hearing. It is instructive, therefore, that counseling records, though more highly protected, still did not give rise to an evidentiary privilege. See Blackmon-Malloy, Minute Order, June 23, 2010 ("while counseling under the [CAA] is confidential . . . the requested documents are not protected by an evidentiary privilege in this case"). The Court sees no compelling reason why the hearing records sought here should be more highly protected than the counseling records in Blackmon-Malloy.

Also of significant weight is the fact that the parties in this action are the same as those involved in the two OOC hearings at issue. The involvement of both parties in the hearings significantly reduces the likelihood of "unnecessary intrusions into the legitimate confidentiality interests that might be harmed by the release of the material sought." Blackmon-Malloy (Minute

Order, June 23, 2010).  Any confidentiality concerns here certainly can be accommodated through the protective order.

## II. Conclusion

For the aforementioned reasons, the Court ORDERS that the disputed records shall be released subject to the proposed protective order.

IT IS SO ORDERED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: February 14, 2014